## Circuit Court of Maryland

## Baltimore Maryland

| | | |
|---|---|---|
| Carolyn Brooks | * | |
| | * | |
| v. | * | |
| | * | |
| Asset Acceptance LLC | * | Jury Trial Demanded |
| | * | |
| TransUnion LLC | * | |
| | * | |
| Experian Information Solutions, Inc. | * | |

---

### I. COMPLAINT

Comes now, Plaintiff, Carolyn Brooks, an individual, files this complaint for damages against Defendants Asset Acceptance LLC, TransUnion, and Experian for their deceptive, misleading, unfair, abusive collection and reporting activities in violation of the Fair Debt Collection Practices Act, Fair Credit Reporting Act and the Maryland Consumer Debt Collection Act.

### II. JURISDICTION

1. Court jurisdiction arises under Fair Debt Collection Practices Act, Fair Credit

Reporting Act and the Maryland Consumer Debt Collection Act.

2. The defendant Asset Acceptance LLC is subject to the personal jurisdiction of this Court, is a consumer debt collector and furnisher of information and therefore meets the terms of the definitions as set forth in 15 U.S.C. 1692a(6) and 1681 respectfully and is active in collecting debt in Baltimore County, MD.

3. The defendant TransUnion LLC is subject to the personal jurisdiction of this Court because it engages in the consumer reporting business throughout the State of Maryland and Baltimore County.

4. The defendant Experian is subject to the personal jurisdiction of this Court because it engages in the consumer reporting business throughout the State of Maryland and Baltimore County.

### III. VENUE

5. Venue proper in Circuit Court of Maryland for Baltimore County as follows:

6. Violations of Fair Debt Collection Practices Act (FDCPA), Fair Credit Reporting Act (FDRA), and the Maryland Consumer Debt Collection Act (MCDCA) as noted below occurred in Baltimore County, MD.

7. All Defendants engaged in business activities in Baltimore County, Maryland and therefore are citizens of the State of Maryland.

### IV. PARTIES

8. Plaintiff Carolyn Brooks (hereinafter "Plaintiff"), is an individual residing at 6820

2.

Belclare Rd, Baltimore, MD 21222 in the County of Baltimore and is a consumer as the term is defined by 15 USC 1692a(3) of the FDCPA and FDRA.

9. Defendant Asset Acceptance LLC (hereinafter "Asset") is a public corporation operating from 8600 LaSalle, Suite 103, Baltimore, MD 21284, headquartered in Warren, Michigan and is a debt collector as defined by 15 USC 1692a(6) and a furnisher as defined by 15USC 1681.

10. Defendant Trans Union LLC (hereinafter "TransUnion") is a corporation operating from 555 W. Adams Street, Chicago, IL who regularly conducts business in the State of Maryland therefore is a citizen of Maryland and is a consumer reporting agency as defined by 15 USC 1681a(f)

11. Defendant Experian Information Solution, Inc. (hereinafter "Experian") is a corporation operating from 475 Anton Blvd, Costa Mesa, CA who regularly conducts business in the State of Maryland therefore is a citizen of Maryland and is a consumer reporting agency as defined by 15 USC 1681a(f).

V. First Cause of Action

### Violation of FDCPA 1692e(2)

#### False, deceptive, misleading, unfair, & abusive

12. Plaintiff is alleged to have incurred a financial obligation for primary personal purposes, or otherwise a revolving credit card debt with Heritage Chase.

13. Asset is engaged in the business of purchasing charged-off consumer debts and enforcing the debts in court.

14. In the spring of 2009 Asset contacted the Plaintiff by letter and phone claiming they had purchased the alleged debt in March and demanded payment.

15. Asset in collection letters falsely claimed it's right to collect the alleged debt.

16. Asset in collection letters falsely claimed it's right to accrue interest to the alleged debt.

17. June 26, 2009 Asset filed a suit seeking an Affidavit Judgment in the District Court for Baltimore County with a self generated interest worksheet attached, no other supporting documents.

18. Asset through its Affiant Eatman attempted to deceive the Plaintiff by stated in the sworn affidavit that the original creditor charged off an amount in excess of 25% of the actual amount falsely inflating the claimed amount. (Exhibit A)

19. Asset in a sworn affidavit through its Affiant Eatman, falsely claimed Asset's right to charge 18% interest and in addition claimed the right to accrue interest two years before the stated purchase. (Exhibit B)

20. Plaintiff sent a letter dated October 10, 2009 to Asset demanding proof of ownership, a copy of the original credit card agreement and a copy of the supporting documents used to develop the claims asserted in the affidavit. Asset refused all requests.

21. During Court proceedings on January 11, 2010 the Court ordered Asset to produce documents validating their claims:

22. In response, Asset attempted to deceive and mislead the Plaintiff into believing Defendant had Proof of Ownership by presenting a blank Bill of Sale. (Exhibit C)

23. In response Asset attempted to deceive and mislead the Plaintiff into believing

4.

Defendant had a valid financial agreement by presenting a copy of an unsigned undated generic financial appendix. (Exhibit D)

### Violation of FDCPA 1692e(2)(A)

### Misrepresenting character, amount, and legal status of the debt.

24. Asset misrepresented the character of the alleged debt by falsely claiming the debt was an interest accruing "installment account".

25. Asset in a sworn affidavit misrepresented the claimed amount when it swore the original creditor wrote off 25% more then it did.

26. Asset misrepresented the claimed amount when it swore under oath that it had the right to retroactively accrued fees and interest to this alleged account doubling the size of the original credit balance.

27. Asset introduced a false affidavit sworn by an affiant who had no first hand knowledge of the business records she swore were accurate.

### Pray for Relief

WHEREFORE, Plaintiff respectfully prays that his Court award the following damages to the Plaintiff and against Defendant Asset for its multiple violations of 15 USC sections 1692e(2) and 1692e(2)9A) of the FDCPA.

    a. Award actual damages to be established at trial.

    b. Award statutory damages as set forth in FDCPA, 15 USC 1692k;

c. Award costs and reasonable attorney fees

d. Award other relief the Court deems appropriate

## VI. Second Cause of Action

### Violations of FCRA 15 USC 1681s-2

#### Provide accurate information.

28. Asset furnished false, inaccurate and differing information to all three Credit Bureaus.

29. Asset falsely reported an incorrect initial balance by claiming the right to retroactively charge interest two years before the alleged purchase.

30. Asset falsely reported increased balances owed by adding interest while knowing they did not have a valid financial agreement.

31. Asset furnished false information by reporting the alleged account as a Factoring Company Account to negatively harm the Plaintiff's credit.

32. Asset had the opportunity to rectify its statements, when ask to validate the data being furnished, it decided to continue to furnish false and inaccurate information as stated above.

### Pray for Relief

Plaintiff respectfully prays that his Court award the following damages to the Plaintiff and against Defendant, Asset's for its violations of FCRA 15 USC section 1681s-2, etc.

a. Award actual damages to be established at trial

    b. Award statutory damages as set forth in FCRA, [15 USC 1681 n] and [15 USC 1681o] etc. ; violating each

    c. Award costs and reasonable attorney fees and

    d. Award other relief the Court deems appropriate

## VII. Third Cause of Action

### Violations of FCRA 1681s-2(a)(1)(A)

### Willful Neglect

33. On 10/26/2009 Plaintiff notified TransUnion that furnished information provided by Asset was inaccurate and requesting an investigation and copies of past monthly reports furnished by Chase and Asset. Noting this information was critical for the Plaintiffs defense in her litigation with Asset.

34. TransUnion on 11/04/2009 notified the Plaintiff that there investigation was complete but failed to provide the information requested, address the inaccuracies in the report or delete the pertinent data.

35. Plaintiff followed with a request that TransUnion detail the investigation sources such as; persons involved, support documents, how verification was obtained, and copies of the records held in the Plaintiffs file. Again emphasizing the urgency of these records for the Plaintiffs defense as well as informing TransUnion that Asset refused to validate the alleged debt.

36. TransUnion on 12/16/2009 verified the Asset account noting ("with no change") providing a generic response, but refusing to provide any of the information requested.

37. TransUnion violated the FCRA by failing to delete obvious inaccuracies ("company factoring account") and other items demonstrating negligent.

38. TransUnion violated the FCRA when it refused to disclose the details of the Plaintiffs file, disallowing the plaintiff to structure a more sound defense.

39. TransUnion violated the FCRA when it failed to implement reasonable procedures to insure the accuracy of its client Asset's reporting data about the Plaintiff.

### Pray for Relief

Plaintiff respectfully prays that his Court award the following damages to the Plaintiff and against Defendant, TransUnion for its violations of the FCRA sections 609 [15 USC 1681g (a)(1)], 611 [15 USC 1681i(a)], etc.

   a. Award actual damages to be established at trial

   b. Award statutory damages as set forth in FCRA, section 617 [15 USC 1680o]; for violating each section.

   c. Award costs and reasonable attorney fees

   d. Award other relief the Court deems appropriate

### VII. Fourth Cause of Action

### Violations of FCRA 1681s-2(a)(1)(A)

### Willful Negligent

40. On 10/27/2009 Plaintiff notified Experian that furnished information provided by Asset was inaccurate and requesting an investigation and copies of past monthly reports

8.

furnished by Asset. Noting this information was critical for the Plaintiffs defense in her litigation with Asset.

41. Experian on 11/04/2009 notified the Plaintiff that there investigation was complete but failed to provide the information requested, address the inaccuracies in the report or delete the pertinent data.

42. Plaintiff followed with a request that Experian detail the investigation sources such as; persons involved, support documents, how verification was obtained, and copies of the records held in the Plaintiffs file. Again emphasizing the urgency of these records for the Plaintiffs defense and noting Asset's refusal to validate the debt.

43. Experian on 12/14/2009 verified the Asset account noting ("with no change") providing a generic response, but refusing to provide any of the information requested.

44. Experian violated the FCRA by failing to delete obvious inaccuracies and other items demonstrating negligent.

45. Experian violated the FCRA when it refused to disclose requested details of the Plaintiffs file, disallowing the plaintiff to structure a more sound defense.

46. Experian violated the FCRA when it failed to implement reasonable procedures to insure the accuracy of its client, Asset's reported data about the Plaintiff.

### Pray for Relief

Plaintiff respectfully prays that his Court award the following damages to the Plaintiff and against Defendant, Experian for its violations of the FCRA sections 609 [15 USC 1681g (a)(1)], 611 [15 USC 1681i(a)], etc.

9.

a. Award actual damages to be established at trial

b. Award statutory damages as set forth in FCRA, section 617 [15 USC 1680o]; violating each section.

c. Award costs and reasonable attorney fees

d. Award other relief the Court deems appropriate

### VIII. Fifth Cause of Action

### Violations of M C D C A

47. Defendant Asset violated 14-202(5) when it left debt collection messages on an answering machine accessible to friends, family and business associates, negatively effecting the Plaintiff's reputation.

48. Defendant Asset claimed and attempted to enforce a right with knowledge that the right did not exist.

49. Asset sued the Plaintiff while knowing it could not validate the alleged debt or prove the amount claimed.

50. Asset claimed it had the right to accrue interest and fees to the alleged debt with knowledge it did not have that right, but sued the Plaintiff for these charges anyway.

51. Asset claimed it had the right to charge 18% interest while knowing it had fabricated the rate and the claimed amount.

52. Asset drag the plaintiff through an extensive year long legal process while knowing it could not prove its claims.

53. The Defendant Asset cause great mental anguish and emotional distress by all of the acts listed above.

### Pray for Relief

Plaintiff respectfully prays that his Court award the following damages to the Plaintiff and against Defendant, Asset for its violations of the MCDCA section 14-202(5) and 14-202(8) :

1. Award proximate damages to be established at trial pursuant to MCDCA 14-204.

2. Award statutory damages of $50,000.00 for emotional distress and mental anguish as set forth in MCDCA 14-204.

3. Award costs, expenses and reasonable attorney fees

4. Award any other relief the Court deems appropriate

### Jury Trial

The Plaintiff demands a trial by jury on all issues.

Dated 8/12/2010

Respectfully submitted,

*Carolyn Brooks*
Carolyn Brooks
6820 Belclare Road
Baltimore, MD 21222
410-284-7175

## Circuit Court of Maryland

### Baltimore Maryland

| | | |
|---|---|---|
| Carolyn Brooks | * | |
| v. | * | |
| Asset Acceptance LLC | * | Jury Trial Demanded |
| TransUnion LLC | * | |
| Experian Information Solutions, Inc. | * | |

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Complaint was mailed to the Plaintiff via U.S. First Class Mail Certified Return on this 13th day of August 2010.

*Carolyn Brooks*
Carolyn Brooks

Asset Acceptance LLC
The Corporation Trust Inc.
351 W. Camden Street
Baltimore, MD 21201

Trans Union LLC.
CSC-Lawyers Incorporating Services Co.
7 St. Paul Street * Suite 1660
Baltimore, MD 21202

Experian Information Services, Inc.
The Corporation Trust Inc.
351 W. Camden Street
Baltimore, 21201