**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Baltimore Division**

| | |
|---|---|
| CAROLYN BROOKS, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) C.A. No: 1:10-cv-02589-WMN |
| | ) |
| ASSET ACCEPTANCE LLC; | ) |
| TRANS UNION LLC; and | ) |
| EXPERIAN INFORMATION SOLUTIONS, INC., | ) |
| | ) |
| Defendants. | ) |

## ANSWER TO COMPLAINT

Defendant, Asset Acceptance, LLC ("Defendant"), by and through counsel, in answer to the Complaint filed herein states as follows:

1. The allegations in Paragraph 1 of the Complaint relate to jurisdiction for which an answer either admitting or denying the assertions is not required.

2. In answer to the allegations in Paragraph 2 of the Complaint, Defendant admits that it is subject to the personal jurisdiction in this Court, admits that at times it acts as a "debt collector" and "furnisher of information" as defined in 15 U.S.C. § 1692a(6) and §1681, respectively but Defendant lacks sufficient knowledge or information as to whether the debt it was attempting to collect was a "debt" as defined by 15 U.S.C. § 1692a(5), and therefore can neither admit or deny that it was acting as "debt collector" in attempting to collect the debt at issue from Plaintiff. In further answer to the allegations in Paragraph 2, Defendant admits that it is a furnisher of information and that it actively collects debts in Baltimore County, Maryland.

3. The allegations in Paragraph 3 of the Complaint are not directed at Defendant, and therefore do not require a response. To the extent the allegations in Paragraph 3 are deemed to contain any charging allegations against Defendant, Defendant denies same.

4. The allegations in Paragraph 4 of the Complaint are not directed at Defendant, and therefore do not require a response. To the extent the allegations in Paragraph 4 are deemed to contain any charging allegations against Defendant, Defendant denies same.

5. The allegations in Paragraph 5 of the Complaint relate to venue for which an answer either admitting or denying the assertions is not required.

6. Defendant denies the allegations in Paragraph 6 of the Complaint.

7. In answer to the allegations in Paragraph 7 of the Complaint, Defendant admits that it conduct activities in Baltimore County, Maryland, and denies the remaining allegations in Paragraph 7.

8. In answer to the allegations in Paragraph 8 of the Complaint, Defendant admits on information and belief that Carolyn Brooks is an individual who resides at 6820 Belclare Road, Baltimore, MD 21222 in the County of Baltimore. In further answer to the allegations in Paragraph 8 of the Complaint, Defendant lacks sufficient knowledge or information to either admit or deny that Plaintiff was a "consumer" as defined by 15 U.S.C. § 1692a(3), as Defendant lacks sufficient knowledge as to whether the debt it was attempting to collect was incurred primarily for personal, family or household purposes. Defendant admits that Plaintiff is a "consumer" as defined by the Fair Credit Reporting Act.

9. In answer to the allegations in Paragraph 9 of the Complaint, Defendant denies that it currently operates from 8600 LaSalle, Suite 103, Baltimore, M D 21284. In further answer to the allegations in Paragraph 9 of the Complaint, Defendant admits that it at times operates as a "debt collector" as defined by 15 U.S.C. § 1692a(6), but lacks sufficient knowledge or information as to whether the debt it was attempting to collect in this instance was incurred primarily for personal, family or household purposes, and therefore denies that it was acting as a debt collector in this instance. Defendant further admits that it is a furnisher of information as set forth in 15 U.S.C. § 1681. Defendant denies all remaining allegations of this paragraph.

10. The allegations in Paragraph 10 of the Complaint are not directed at Defendant, and therefore do not require a response. To the extent the allegations in Paragraph 10 are deemed to contain any charging allegations against Defendant, Defendant denies same.

11. The allegations in Paragraph 11 of the Complaint are not directed at Defendant, and therefore do not require a response. To the extent the allegations in Paragraph 11 are deemed to contain any charging allegations against Defendant, Defendant denies same.

12. Defendant admits on information and belief that Plaintiff incurred a financial obligation to Heritage Chase. In further answer to the allegations in Paragraph 12 of the Complaint, Defendant lacks sufficient knowledge or information to either admit or deny said allegations, and on that basis denies them.

13. Defendant admits that it purchases charged-off debts, some of which are treated as "consumer debt" under the FDCPA, but denies the remaining allegations, including

whether the debt owed by Plaintiff was a "consumer" debt under the FDCPA because it lacks knowledge sufficient to respond to that allegation in Paragraph 13 of the Complaint.

14. Defendant admits the allegations in Paragraph 14 of the Complaint.

15. Defendant admits that letters were sent, but denies the remaining allegations in Paragraph 15 of the Complaint.

16. Defendant admits that letters were sent, but denies the remaining allegations in Paragraph 16 of the Complaint.

17. In answer to the allegations in Paragraph 17 of the Complaint, Defendant admits that it filed suit in the District Court for Baltimore County on or about June 26, 2009 and that said suit included an interest worksheet. Defendant denies the remaining allegations in Paragraph 17 of the Complaint.

18. Defendant admits that Eatman signed the affidavit, but denies the remaining allegations in Paragraph 18 of the Complaint.

19. Defendant admits the affidavit was filed and denies the remaining allegations in Paragraph 19 of the Complaint.

20. In answer to the allegations in Paragraph 20 of the Complaint, Defendant denies that said letter was dated October 10, 2009, but rather avers that the letter in its possession is dated October 22, 2009. In further answer to the allegations in Paragraph 20 of the Complaint, Defendant responds that the contents of the letter speak for themselves. In further answer to the allegations in Paragraph 20 of the Complaint, Defendant denies that it refused to provide documents verifying the account, and avers that said documents were provided by letter dated January 10, 2010 to Plaintiff.

21. Defendant denies the allegations in Paragraph 21 of the Complaint.

22. In answer to the allegations in Paragraph 22 of the Complaint, Defendant admits that it presented a bill of sale, but denies the remaining allegations in Paragraph 22 of the Complaint.

23. In answer to the allegations in Paragraph 23 of the Complaint, Defendant admits that it provided Exhibit D, but denies the remaining allegations in Paragraph 23 of the Complaint.

24. Defendant denies the allegations in Paragraph 24 of the Complaint.

25. Defendant denies the allegations in Paragraph 25 of the Complaint.

26. Defendant denies the allegations in Paragraph 26 of the Complaint.

27. Defendant denies the allegations in Paragraph 27 of the Complaint.

28. Defendant denies the allegations in Paragraph 28 of the Complaint.

29. Defendant denies the allegations in Paragraph 29 of the Complaint.

30. Defendant denies the allegations in Paragraph 30 of the Complaint.

31. Defendant denies the allegations in Paragraph 31 of the Complaint.

32. Defendant denies the allegations in Paragraph 32 of the Complaint.

33. The allegations in Paragraph 33 of the Complaint are not directed at Defendant, and therefore do not require a response. To the extent the allegations in Paragraph 33 are deemed to contain any charging allegations against Defendant, Defendant denies same.

34. The allegations in Paragraph 34 of the Complaint are not directed at Defendant, and therefore do not require a response. To the extent the allegations in Paragraph 34 are

deemed to contain any charging allegations against Defendant, Defendant denies same.

35. The allegations in Paragraph 35 of the Complaint are not directed at Defendant, and therefore do not require a response. To the extent the allegations in Paragraph 35 are deemed to contain any charging allegations against Defendant, Defendant denies same.

36. The allegations in Paragraph 36 of the Complaint are not directed at Defendant, and therefore do not require a response. To the extent the allegations in Paragraph 36 are deemed to contain any charging allegations against Defendant, Defendant denies same.

37. The allegations in Paragraph 37 of the Complaint are not directed at Defendant, and therefore do not require a response. To the extent the allegations in Paragraph 37 are deemed to contain any charging allegations against Defendant, Defendant denies same.

38. The allegations in Paragraph 38 of the Complaint are not directed at Defendant, and therefore do not require a response. To the extent the allegations in Paragraph 38 are deemed to contain any charging allegations against Defendant, Defendant denies same.

39. The allegations in Paragraph 39 of the Complaint are not directed at Defendant, and therefore do not require a response. To the extent the allegations in Paragraph 39 are deemed to contain any charging allegations against Defendant, Defendant denies same.

40. The allegations in Paragraph 40 of the Complaint are not directed at Defendant, and therefore do not require a response. To the extent the allegations in Paragraph 40 are deemed to contain any charging allegations against Defendant, Defendant denies same.

41. The allegations in Paragraph 41 of the Complaint are not directed at Defendant, and therefore do not require a response. To the extent the allegations in Paragraph 41 are deemed to contain any charging allegations against Defendant, Defendant denies same.

42. The allegations in Paragraph 42 of the Complaint are not directed at Defendant, and therefore do not require a response. To the extent the allegations in Paragraph 42 are deemed to contain any charging allegations against Defendant, Defendant denies same.

43. The allegations in Paragraph 43 of the Complaint are not directed at Defendant, and therefore do not require a response. To the extent the allegations in Paragraph 43 are deemed to contain any charging allegations against Defendant, Defendant denies same.

44. The allegations in Paragraph 44 of the Complaint are not directed at Defendant, and therefore do not require a response. To the extent the allegations in Paragraph 44 are deemed to contain any charging allegations against Defendant, Defendant denies same.

45. The allegations in Paragraph 45 of the Complaint are not directed at Defendant, and therefore do not require a response. To the extent the allegations in Paragraph 45 are

deemed to contain any charging allegations against Defendant, Defendant denies same.

46. The allegations in Paragraph 46 of the Complaint are not directed at Defendant, and therefore do not require a response. To the extent the allegations in Paragraph 46 are deemed to contain any charging allegations against Defendant, Defendant denies same.

47. Defendant denies the allegations in Paragraph 47 of the Complaint.

48. Defendant denies the allegations in Paragraph 48 of the Complaint.

49. Defendant denies the allegations in Paragraph 49 of the Complaint.

50. Defendant denies the allegations in Paragraph 50 of the Complaint.

51. Defendant denies the allegations in Paragraph 51 of the Complaint.

52. Defendant denies the allegations in Paragraph 52 of the Complaint.

53. Defendant denies the allegations in Paragraph 53 of the Complaint.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE
### (FAILURE TO STATE A CLAIM)

The allegations of the Complaint fail to state a claim against Defendant upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE
### (BONA FIDE ERROR)

To the extent that any violation of law occurs, Defendant expressly denies, said violation was not intentional and resulted from a bona fide error notwithstanding the maintenance by Defendant of procedures reasonably adapted to avoid any such error.

### THIRD AFFIRMATIVE DEFENSE
### (UNCLEAN HANDS)

The allegations in the Complaint and relief requested are, on information and belief, barred in whole or in part by the doctrine of unclean hands.

### FOURTH AFFIRMATIVE DEFENSE
### (STATUTE OF LIMITATIONS)

Plaintiff's claims under the FDCPA are barred in whole or in part by the applicable statute of limitations set forth in 15 U.S.C. §1692k(d).

### FIFTH AFFIRMATIVE DEFENSE
### (FAILURE TO MITIGATE)

Plaintiff, although under a legal obligation to do so, has failed to take reasonable steps to mitigate any alleged damages that she may have, and therefore barred from recovering damages, if any, from Defendant.

### SIXTH AFFIRMATIVE DEFENSE
### (NO ATTORNEYS FEES)

Plaintiff, in *pro se*, is not entitled to attorney fees.

WHEREFORE, Defendant prays for judgment as follows:

1. That Plaintiff takes nothing by the Complaint, which should be dismissed with prejudice.

2. That Defendant recovers from Plaintiff its costs according to proof.

3. That Defendant recovers from Plaintiff its attorney fees according to proof.

4. That the Court orders such other and further reasonable relief as the Court may deemed just and proper.

THE LAW OFFICES OF RONALD S. CANTER, LLC

    /s/ Birgit Dachtera Stuart
Birgit Dachtera Stuart, Esquire (Bar No. 17420)
11300 Rockville Pike, Suite 1200
Rockville, MD 20852
Telephone:  301-770-7490
Facsimile:  301-770-7493
E-Mail:  bstuart@roncanterllc.com
Attorney for Defendant Asset Acceptance, LLC

CERTIFICATE OF SERVICE

The undersigned does hereby certify that a true and correct copy of the foregoing was served upon the individual listed below by Electronic Notification and by First Class Mail, Postage Prepaid on this 27th day of September, 2010 to:

Carolyn Brooks
6820 Belclare Road
Baltimore, MD 21222
Plaintiff, *Pro Se*
*VIA FIRST CLASS MAIL ONLY*

Sandy David Baron, Esquire
Shulman, Rogers, Gandal, Pordy & Ecker, P.A.
11921 Rockville Pike, Third Floor
Rockville, MD  20852
E-Mail:  sbaron@shulmanrogers.com
Attorney for Experian Information Solutions, Inc.

H. Mark Stichel, Esquire
Gohn, Hankey & Stichel, LLP
201 North Charles Street, Suite 2101
Baltimore, MD  21201
E-Mail:  hmstichel@ghsllp.com
Attorney for Trans Union, LLC

    /s/ Birgit Dachtera Stuart
Birgit Dachtera Stuart, Esquire
Attorney for Defendant Asset Acceptance, LLC